IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MOHAMMAD BAHADORITOOLABI, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-24-01127 |
| DEPARTMENT OF GENERAL SERVICES, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Mohammad Bahadoritoolabi, who is self-represented, filed this lawsuit against Defendant Department of General Services ("DGS"), alleging a claim under Title VII of the Civil Rights Act. ECF 1. Defendant has filed a motion to dismiss the complaint for failure to state a claim or, in the alternative, a motion for more definite statement, ECF 8. Plaintiff filed an opposition with a multitude of attachments, ECF 11.[1] No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Defendant's motion to dismiss will be granted and Plaintiff's motion to proceed will be denied.

I.  **FACTUAL BACKGROUND**

The following facts are derived from Plaintiff's Complaint, ECF 1, and taken as true for purposes of adjudicating this motion. Plaintiff alleges that he is an African American man. ECF 1 at 6. He further alleges that "DGS did not give me equal opportunity for promotion based on

---

[1] Defendant has also filed a motion to strike Plaintiff's opposition, alleging that the attachments contain personal identifying information and confidential and sensitive records that Plaintiff is not allowed to access or disseminate outside the workplace. ECF 12. This Court will deny Defendant's motion to strike the opposition but has taken steps to seal the filing in its entirety from public access. Should Plaintiff seek leave to file an amended complaint in this case, he should refrain from including any such information in public filings.

actions DGS performed for my colleagues with equal knowledge and experience in the respective departments we each work for in the Fiscal Administration department within [DGS]." *Id.*

## II. MOTION TO DISMISS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g., In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions'… ." (citation omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a

complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if … [the] actual proof of those facts is improbable and … recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks and citation omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc*., 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc*., 791 F.3d 473, 484 (4th Cir. 2015). However, a court is not required to accept legal conclusions drawn from the facts. See *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Because Plaintiff is self-represented, Plaintiff's pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank*, N.A., No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se

litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III. ANALYSIS

Under Title VII, it is unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... race." 42 U.S.C. § 2000e-2(a)(1). Relevant to Plaintiff's claims here, "in order to prove a prima facie case of discriminatory failure to hire or promote under Title VII, a plaintiff must prove that: (1) he is a member of a protected group; (2) he applied for the position in question; (3) he was qualified for the position; and (4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." *Brown v. McLean*, 159 F.3d 898, 902 (4th Cir. 1998).

Plaintiff's Complaint does not contain facts to provide adequate notice of, or to plausibly state, a cognizable Title VII failure to promote claim. He establishes his membership in a protected group, but does not specify what positions he applied for, his qualifications, or the circumstances giving rise to an inference that he was rejected because of his membership in a protected class. For

example, while he makes reference to other colleagues having more opportunity, he does not specify the identities of those colleagues or the opportunities they received.

In his opposition to the motion to dismiss, Plaintiff provides a vast amount of information, which, even if provided in the form of an amended complaint, would not constitute a "short and plain statement of the claim" as required by the Federal Rules. Without reaching the issue of whether those additional allegations might otherwise amount to a plausible Title VII claim, "[i]t is well-established that parties cannot amend their complaints through briefing or oral advocacy." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. Openband at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). Thus, this Court cannot consider any of that additional information when evaluating the merits of Defendant's motion to dismiss. The existing motion to dismiss must be granted because Plaintiff's existing Complaint fails to state a plausible Title VII claim.

### IV.     CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss, ECF 8, will be GRANTED. Defendant's motion to strike, ECF 12, will be DENIED although the records in question are now under seal. Plaintiff's Complaint is dismissed without prejudice and Plaintiff will be afforded sixty days to seek leave to file an amended complaint. Any motion for leave to file an amended complaint must attach the proposed amended complaint as an exhibit. In the meantime, this case will be CLOSED subject to reopening if such a motion is filed. A separate Order follows.

Dated: September 10, 2024                                    /s/
                                                          Stephanie A. Gallagher
                                                          United States District Judge